IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALBERT LEWIS PERRY, JR., )
)
    Petitioner, )
)
v. )   Civil Action No. 3:13CV327–HEH
)
COMMONWEALTH OF )
VIRGINIA, *et al.*, )
)
    Respondents. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2254 Petition)

Albert Lewis Perry, a Virginia state prisoner, by counsel brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition" (ECF No. 1)) challenging his convictions in the Circuit Court of the County of Chesterfield ("Circuit Court"). Respondents moved to dismiss on the ground, *inter alia*, that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Perry responded. Respondents replied to Perry's response. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A.    Original Conviction and Appeal

The Circuit Court convicted Perry of first-degree murder. Perry appealed. On January 26, 2011, the Court of Appeals of Virginia denied Perry's appeal. *Perry v. Commonwealth*, No. 0520-10-2, at 1 (Va. Ct. App. Jan. 26, 2011). The Supreme Court of Virginia refused his subsequent appeal on June 29, 2011. *Perry v. Commonwealth*, No. 110322, at 1 (Va. June 29, 2011). Perry did not file a petition for a writ of certiorari in the United States Supreme Court.

### B. State Habeas

On July 29, 2011, Perry filed a *pro se* petition for a writ of habeas corpus in the Circuit Court.[1] The Circuit Court denied Perry's petition (Chesterfield Circuit Court No. CL11HC-1972 Sept. 12, 2011). Perry appealed that ruling to the Supreme Court of Virginia, which refused his petition for appeal. *Perry v. Clarke*, No. 112006, at 1 (Va. Mar. 19, 2012).

### C. § 2254 Petition

On May 22, 2013, Perry filed his § 2254 Petition with this Court (§ 2254 Pet. 1). In the § 2254 Petition, Perry makes the following claims for relief:

| | |
|---|---|
| Claim One | Perry was denied his Sixth Amendment right to a speedy trial because the Commonwealth's delay in bringing him to trial was presumptively prejudicial, lacked valid justification, and caused Perry prejudice in preparing his defense. (§ 2254 Pet. 11 – 24.) |
| Claim Two | Perry was denied due process of law in violation of the Fourteenth Amendment because based on the evidence presented at his jury trial, no reasonable trier of fact could have found him guilty beyond a reasonable doubt of first-degree murder. (*Id.* at 24 – 42.) |

---

[1] Perry argues that he filed his state habeas corpus petition on July 25, 2011 – not July 29, 2011. Pet'r's Resp. 2. However, it is plain that Perry's state habeas corpus petition bears the stamp of the Clerk of the Circuit Court of Chesterfield County, which indicates that it was "RECEIVED & FILED" on "2011 JUL 29 AM11:49" (ECF No. 10-1, at 1).

2

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## A. Commencement of the Statute of Limitations

Perry's judgment became final for the purposes of the AEDPA on Tuesday, September 27, 2011 – ninety days after the Supreme Court of Virginia denied Perry's direct appeal. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))). The statute of limitations began to run the next day, Wednesday, September 28, 2011. *See* Fed. R. Civ. P. 6(a)(1)(A).

## B. The Running of the Statute of Limitations

The statute of limitations initially was tolled because Perry filed a petition for a writ of habeas corpus with the Supreme Court of Virginia on July 29, 2011. The statute of limitations remained tolled until the Supreme Court of Virginia denied Perry's habeas appeal on March 19, 2012. *See* 28 U.S.C. § 2244(d)(2). Perry's time in which to file his § 2254 Petition with this Court then began to run on that date and expired on March 20, 2013, prior to Perry's filing of his § 2254 Petition with this Court. Because the statute of limitations ran for four hundred and twenty-eight (428) days before Perry filed his § 2254 Petition, the statute of limitations bars this Petition unless Perry demonstrates entitlement to either a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Neither Perry nor the record suggests any circumstances that would warrant a belated commencement of limitation period.

4

## C. Equitable Tolling

Perry suggests that the Court should excuse his late filing because he is actually innocent of the crime of first-degree murder. (Pet'r's Resp. 4.) Specifically, Perry argues entitlement to relief because he was denied due process of law in violation of the Fourteenth Amendment because based on the evidence presented at his jury trial, no reasonable trier of fact could have found him guilty beyond a reasonable doubt of first-degree murder. (*Id.*) Such argument lacks legal and factual merit.

When the Court of Appeals of Virginia denied Perry's petition for appeal, the Court aptly summarized the facts as follows:

> Medical evidence established that Gray [the victim] was strangled with a nylon stocking (ligature) that had been double-knotted around her neck. Gray was staying at a Holiday Inn at the time. In addition to her regular job, Gray worked periodically as an independent contractor for Shelly Ottenbrite, who ran an escort service called "Touch of Pink." In late November 2007, Ottenbrite was out of town and allowed customer calls to be forwarded to Gray.
> At the time of the murder, appellant resided in Room 314 at the hotel, which was located approximately thirty feet from the third floor stairwell where Gray's body was found. Police canvassed the hotel guests and spoke with appellant. Investigators went to appellant's room and showed him a photograph of Gray's body, but appellant said he did not know her and did not hear anything suspicious the previous night.
> During a lengthy police interview on November 30, 2007, appellant initially denied any knowledge of Gray or the murder. However, after the police advised him of certain evidence, appellant began to change his story. Eventually, appellant indicated that he knew Gray as "Shelly," they were very close friends, and Gray had come to his room several times in the past and been intimate with him. According to appellant, Gray did not charge him for her services. . . . After police advised appellant that they recovered footprints near Gray's body that matched his boots, appellant admitted he contacted Gray to come to his room that night. He said he found her body in the stairwell after he had returned to his room from consuming a large amount of cocaine. . . . [Once appellant discovered Gray's dead body,]

5

> [f]earing he would be the prime suspect, and despite his alleged friendship with Gray, appellant decided to return to his room and not to report the crime.
> . . . [Police also] investigated all possible leads and suspects, including other hotel guests, and eliminated them as suspects. Forensic tests also failed to locate the person appellant claimed killed Gray, namely, [appellant's drug dealer] "Justin."

*Perry v. Commonwealth*, No. 0529-10-2, at 1-3.[2]

The Court of Appeals of Virginia, thus, concluded that "[t]he totality of the Commonwealth's evidence, though circumstantial, was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of murdering Gray." *Id.* at 3.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Perry has not presented any evidence rebutting that presumption here.

The Supreme Court has recognized actual innocence as a basis for tolling the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of

---

[2] This summary of the facts comes from an October 20, 2010 order by the Court of Appeals of Virginia, which was later adopted in a January 26, 2011 order from the Court of Appeals of Virginia, which denied Perry's petition for appeal for the reasons given in the October 20, 2010 order.

6

the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted).

Here, the Court reviews Perry's arguments under the more lenient standard for gateway actual innocence claims, because subscribing to Perry's actual innocence claims would permit the Court to consider the merits of his otherwise time-barred habeas petition. A gateway claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327 – 28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327 – 28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his

Case 3:13-cv-00327-HEH Document 11 Filed 08/28/13 Page 8 of 9 PageID# 108

or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D.Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352 – 53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)).

Perry simply has not provided any reliable new evidence of his innocence. Thus, the Court does not proceed to the second step of the inquiry. Perry merely relies on his own affidavit to support his claim for actual innocence. In his affidavit, Perry contends that he left the victim "in the hotel suite [where she was soon murdered] with a man she didn't know at all and a man whom [Perry] didn't know the way [he] thought." (§ 2255 Pet. Perry Aff. 1.) Perry claims that he left the hotel suite, and "went down to the picnic table area located in the back of the hotel," and it was there that he "spent the next few hours getting high and consuming all of the cocaine (3 ½ grams) and beer." (*Id.*) Perry explained that he later returned to the hotel suite and did not find the victim there. (*Id.* at 2.) He heard a woman scream, went to the hallway where he heard a different woman crying, and went to the stairwell after the crying woman pointed toward the stairwell. (*Id.*) Perry found the dead victim, whom he claims he did not murder, in the stairwell. (*Id.*) Perry's affidavit is not "trustworthy" and does not constitute "new reliable evidence" of innocence sufficient to support a claim of actual innocence. *Schlup*, 513 U.S. at 324.

Because Perry fails to advance any plausible basis for excusing his failure to comply with the statute of limitations, the Motion to Dismiss (ECF No. 5) will be

granted. The petition for a writ of habeas corpus will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Perry is entitled to further consideration in this matter. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

                                                                     /s/
                                       HENRY E. HUDSON

Date: August 27, 2013         UNITED STATES DISTRICT JUDGE
Richmond, Virginia

9